EL PUEBLO *v.* ALLAN.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 301.—Resuelto en enero 13, 1911.

APELACIÓN—SENTENCIA ABSOLUTORIA.—El recurso de apelación no procede contra una sentencia dictada en causa criminal, absolviendo al acusado del delito que se le imputa.

ID.—En el caso de autos el juicio tuvo lugar ante el tribunal de derecho y después de haber declarado la denunciante (es una causa por violación), el abogado del acusado presentó una moción a la corte para que se sobreseyera el caso por falta de pruebas, y declarada con lugar esa moción, dictó sentencia absolviendo al acusado: *Se resolvió* que esa sentencia no es apelable por el fiscal, por no estar comprendida en ninguno de los casos enumerados en el artículo 348 del Código de Enjuiciamiento Criminal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Jesús M. Rossy, Fiscal.*

La parte apelada no compareció.

EL JUEZ ASOCIADO, SR. MACLEARY, emitió la opinión del tribunal.

Este proceso principió con una acusación, formulada por el Fiscal de la Corte de Distrito de San Juan, imputando al acusado la comisión de un delito de violación. Se celebró el juicio ante la Corte, sin jurado; y después de haber oído el juez la declaración de la perjudicada, el abogado del acusado hizo una moción, pidiendo el sobreseimiento definitivo de la causa, por falta de pruebas suficientes para sostener la acusación. El tribunal sostuvo la moción, dictando sentencia absolutoria, y ordenando la cancelación de la fianza prestada por el acusado.

Contra esta sentencia, se interpuso por el Fiscal de la corte de distrito, recurso de apelación para ante este tribunal, fundándolo en el número 6 del artículo 348, del Código de Enjuiciamiento Criminal.

Aparece en los autos una exposición del caso, en la que se consignan todos los hechos; pero, según la opinión que hemos formado del asunto, no es necesario considerar dicha exposición. Con arreglo al número 6 del artículo 348 del Código de Enjuiciamiento Criminal, no ha lugar a una apelación a nombre de El Pueblo de Puerto Rico, en el presente caso. Así ha sido resuelto definitivamente hace mas de seis años, y es sorprendente que se haya interpuesto el recurso de apelación. Véanse las decisiones dictadas anteriormente con respecto a esta materia, una de las cuales fué dictada en 21 de diciembre de 1904, en el caso de *El Pueblo de Puerto Rico* v. *Caquias,* y otra posterior, que dictamos en 4 de diciembre de 1909, en el caso de *El Pueblo de Puerto Rico* v. *Angel Martínez y Alfredo Bravo,* cuyos casos, lo mismo el último que el primero, son casos del todo análogos. En el último de los casos cita-

dos, nos expresamos con respecto a dicha materia, en los términos siguientes:

"Consiste la primera en determinar si cabe o no apelación contra la sentencia que en esta causa dictara la corte inferior. Se sostiene que sí cabe, de acuerdo con el párrafo 6º. del artículo 348 del Código de Enjuiciamiento Criminal. Ese párrafo dice así: 'El ministerio público puede interponer apelación de una orden del tribunal al jurado mandando que éste pronuncie veredicto a favor del acusado.' La sentencia en este caso fué dictada por el tribunal. El jurado no tuvo intervención alguna en el caso, ni pudo tenerla, toda vez que el delito imputado solamente es un *misdemeanor*. El tribunal declaró con lugar una excepción que interpusieron los acusados a la prueba presentada por el Fiscal, y dictó sentencia absolutoria. Es verdad que el efecto era el mismo que si se hubiera ordenado a un jurado, que pronunciara veredicto absolutorio; pero es el caso que tal sentencia no está comprendida en ninguno de los seis casos mencionados en que el Fiscal puede interponer apelación; y en nuestra opinión que tal apelación no cabe en este caso."

Toda vez que en el presente caso, no procede la apelación, es innecesario discutir ulteriormente el asunto de que se trata; y debe desestimarse el recurso de apelación interpuesto en este caso.

*Desestimada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados, Wolf y del Toro.